IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

MELVIN D. LAW, JR., M.D.    )
                            )
v.                          ) NO. 3:05-1041
                            ) JUDGE CAMPBELL
BRENDA C. LAW               )

MEMORANDUM

Pending before the Court is Defendant's Motion to Dismiss or, in the Alternative, To Stay Pending the Disposition of the State Court Proceedings (Docket No. 15). Defendant's Motion is actually a Motion for Partial Dismissal, as Defendant does not seek to have the malicious prosecution and abuse of process claims dismissed. For the reasons stated herein, Defendant's Motion is GRANTED in part and DENIED in part.

FACTS

Plaintiff Melvin Law is a physician who resides in Williamson County, Tennessee. Defendant is Plaintiff's former wife and resides in Fairfax County, Virginia. Plaintiff brings this action for malicious prosecution, abuse of process, intentional infliction of emotional distress and negligent infliction of emotional distress, all arising from conduct by Defendant since the parties were divorced in April of 2004.

Plaintiff asserts that Defendant has intentionally, maliciously and continually undermined Plaintiff's relationship with his two children, Melissa, age 23, and Stephen, age 19, especially Stephen. Plaintiff contends that Defendant has inflicted upon Stephen "Parent Alienation Syndrome," in which she has essentially destroyed the relationship between Plaintiff and his son.

In addition, Plaintiff alleges that, in her "never ending efforts to inflict emotional injury on Dr. Law," Defendant attempted to have Plaintiff incarcerated in the Williamson County Jail by filing

a petition for criminal contempt against Plaintiff. Plaintiff claims that the allegations of the criminal contempt petition were false and that Defendant knew they were false. Plaintiff states that the petition for criminal contempt was subsequently dismissed in its entirety, following a full hearing, and that the wrongful filing of the petition for criminal contempt was nothing more than an attempt to extort money from Plaintiff and inflict serious emotional injury upon him.

Plaintiff's Complaint asserts causes of action for malicious prosecution, abuse of process, intentional infliction of emotional distress and negligent infliction of emotional distress. Defendant has moved to dismiss Plaintiff's intentional infliction of emotional distress and negligent infliction of emotional distress claims, arguing that those claims are barred by the applicable statute of limitations and also that Plaintiff has failed to state those claims as a matter of law.

Defendant alternatively asks the Court to abstain from deciding those claims and to stay these proceedings pending the result of the appeal of a state court action between these parties, filed by Dr. Law in June of 2005. Defendant asserts that the emotional distress claims herein are based upon the same factual allegations as those in the state court action.

## MOTIONS TO DISMISS

In considering a motion to dismiss for failure to state a claim on which relief can be granted, the court must accept as true all factual allegations in the complaint. Broyde v Gotham Tower, Inc., 13 F.3d 994, 996 (6th Cir. 1994). The motion should be granted only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Id.

A motion to dismiss for failure to state a claim upon which relief can be granted must be viewed in the light most favorable to the party opposing the motion. State of Ohio ex rel. Fisher v. Louis Trauth Dairy, Inc., 856 F.Supp. 1229, 1232 (S.D. Ohio 1994). The purpose of a motion to

2

dismiss for failure to state a claim is to allow the defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993).

## STATUTE OF LIMITATIONS

It is undisputed that Tennessee's one-year statute of limitations applies to Plaintiff's emotional distress claims. Tenn. Code Ann. § 28-3-204. The question of when the statute of limitations began to run is determined by federal law. Ruff v. Runyon, 258 F.3d 498, 500 (6th Cir. 2001). Under federal law, the statute begins to run when the Plaintiff knew or should have known of the injury which forms the basis of his claim. Id. A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence. Id. at 501; Hughes v. Vanderbilt University, 215 F.3d 543, 548 (6th Cir. 2000). The inquiry focuses on the harm incurred, rather than the plaintiff's knowledge of the underlying facts which gave rise to the harm. Ruff, 258 F.3d at 501.

Defendant contends that Plaintiff knew, as far back as before the parties' divorce, of the strained relationship with his son. Plaintiff alleges in his Complaint that he and his son have been estranged since January 2003. This lawsuit was filed in December of 2005.

Plaintiff argues that Defendant's offending conduct is a series of acts that produces one indivisible injury and constitutes one tort. The alleged offending acts by Defendant may be continuing, but Plaintiff knew, or reasonably could have known, as far back as January 2003, that his relationship with his son was injured and that at least an alleged cause of the estrangement was Defendant. Plaintiff certainly knew a judicial remedy was available, in the divorce court, for any

3

alleged misconduct pertaining to the family relationship. Both he and Defendant have filed Petitions for Contempt against each other in Williamson County Chancery Court since the divorce.

The Court finds that Plaintiff's claims, albeit for the first time based upon "Parental Alienation Syndrome," are too late. Plaintiff knew of the injury to his relationship with his son well before December of 2004 and could have filed this action then, either in the divorce court or here. At a minimum, Plaintiff reasonably could have known, in the exercise of due diligence, of the existence of the facts alleged herein more than one year before this lawsuit was brought.

Accordingly, Defendant's Motion to Dismiss is GRANTED as to Plaintiff's intentional infliction of emotional distress and negligent infliction of emotional stress claims, and those claims are DISMISSED. Defendant's Motion to Stay is DENIED. The remaining claims will be tried on April 24, 2007, as previously ordered by the Court. Docket No.14.

IT IS SO ORDERED.

                                                  /s/ Todd Campbell
                                                  TODD J. CAMPBELL
                                                  UNITED STATES DISTRICT JUDGE