IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

MELVIN D. LAW, JR., M.D.       )
                               )
v.                             ) NO. 3:05-1041
                               ) JUDGE CAMPBELL
BRENDA C. LAW                  )

MEMORANDUM

Pending before the Court is Defendant's Motion for Summary Judgment (Docket No. 32). For the reasons stated herein, Defendant's Motion is GRANTED, and this action is DISMISSED.

FACTS

Plaintiff Melvin Law is a physician who resides in Williamson County, Tennessee. Defendant is Plaintiff's former wife and resides in Fairfax County, Virginia. Plaintiff's remaining claims against Defendant in this action are for malicious prosecution and abuse of process arising from conduct by Defendant since the parties were divorced in April of 2004.

On October 18, 2004, Defendant, through counsel, filed a Petition for Civil and/or Criminal Contempt against Plaintiff in the Chancery Court for Williamson County, Tennessee. In that Petition, Ms. Law alleged that Dr. Law violated the parties' Marital Dissolution Agreement by: (a) failing to pay premiums required to maintain medical insurance on Ms. Law; (2) failing to obtain life insurance naming Ms. Law as the Trustee; (3) failing to provide required health insurance card(s) under his own hospitalization and health insurance coverage for the parties' minor son; and (4) failing to forward to Ms. Law a complete copy of the parties' 2003 joint federal income tax return. Docket No. 1, Ex. 1. Plaintiff alleges that Defendant's filing of the contempt petition and actions related thereto constituted malicious prosecution and abuse of process under Tennessee law.

Defendant has moved for summary judgment, contending that Plaintiff cannot establish the essential elements of either a malicious prosecution or an abuse of process claim.

## SUMMARY JUDGMENT

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Meyers v. Columbia/HCA Healthcare Corp., 341 F.3d 461, 466 (6th Cir. 2003). In deciding a motion for summary judgment, the court must view the factual evidence and draw all reasonable inferences in favor of the nonmoving party. Id.; Hopson v. DaimlerChrysler Corp., 306 F.3d 427, 432 (6th Cir. 2002).

To prevail, the non-movant must produce specific evidence that demonstrates there is a genuine issue of material fact for trial. Meyers, 341 F.3d at 466. A mere scintilla of evidence is insufficient; there must be evidence on which the jury could reasonably find for the non-movant. Id. The non-moving party may not rest on mere allegations but must set forth specific facts showing that there is a genuine issue for trial. Hopson, 306 F.3d at 432.

## MALICIOUS PROSECUTION

In order to establish a malicious prosecution claim, Plaintiff must show that (1) a prior suit or judicial proceeding was brought against him without probable cause; (2) Defendant brought that prior action with malice; and (3) the prior action was finally terminated in Plaintiff's favor. Hill v. White, 190 F.3d 427, 431 (6th Cir. 1999); Christian v. Lapidus, 833 S.W.2d 71, 73 (Tenn. 1992). Abandonment or withdrawal of an allegedly malicious prosecution is sufficient to establish a final


and favorable termination so long as such abandonment or withdrawal was not accompanied by a compromise or settlement, or accomplished in order to refile the action in another forum. Id. at 74.

Probable cause requires only the existence of such facts and circumstances sufficient to excite in a reasonable mind the belief that the accused is guilty. Hill, 190 F.3d at 431. The existence of probable cause does not depend upon a subjective assessment of the defendant's mental state, but instead is determined solely from an objective examination of the surrounding facts and circumstances. Id. Plaintiff has the burden of proving the absence of probable cause. Id. In order to establish the lack of probable cause in instituting a civil proceeding, it must appear that the suit was filed primarily for a purpose other than that of securing the proper adjudication of the claim in which the proceedings are based. Id.

Probable cause is established when a suit was instituted with advice of counsel. Abernethy v. Brandt, 120 S.W.3d 310, 313 (Tenn. Ct. App. 2002). Advice of counsel to the effect that there is a reasonable chance of recovery on a claim can establish probable cause. Id. (citing Sullivan v. Young, 678 S.W.2d 906 (Tenn. Ct. App. 1984)). However, the advice of counsel must be based upon ample evidence at the time of filing suit for the attorney to conclude that the client had a reasonable chance of recovery in the prior action. Id.

To prevail on an advice of counsel defense, Defendant must prove three elements: (1) that the attorney's advice was sought in good faith; (2) that she divulged all material facts relating to the case, ascertained or ascertainable by the exercise of due diligence; and (3) that the case was commenced pursuant to the attorney's advice. Abernathy, 120 S.W.3d at 314.

3

The evidence before the Court, specifically the transcript of the contempt hearing in state court, reflects that only one of the four issues, that of the continuing medical insurance coverage for Ms. Law, was resolved in Dr. Law's favor. Hearing Transcript (Docket No. 33, Ex. 3), pp. 164-165. The Court ordered the relief sought by Ms. Law on the income tax issue (Id., pp. 27-28), the relief sought by Ms. Law on the insurance card was obtained through settlement of the parties (Id., pp. 15-16), and the relief sought by Ms. Law regarding life insurance was also obtained through settlement of the parties (Id.).

With regard to the issue of continuing medical insurance coverage, the Court finds that Dr. Law has failed to carry his burden of establishing that Ms. Law brought that claim against him without probable cause. Ms. Law has shown that she filed the action with advice of counsel. In addition, the Court finds, based upon its objective examination of the surrounding facts and circumstances, that Dr. Law has not shown that the claim was filed primarily for a purpose other than that of securing the proper adjudication of the claim. The prior ruling itself (Hearing Transcript, pp. 163-165) indicates that the claim was not baseless or frivolously brought. The Affidavits of Ms. Law and her former attorney, John Hollins, establish that the COBRA claim was brought in good faith, pursuant to the attorney's advice, upon the existence of such facts and circumstances sufficient to excite in a reasonable mind the belief that Dr. Law had wrongfully violated the Marital Dissolution Agreement and that Ms. Law sufficiently divulged facts known to her at the time.

For all these reasons, the Defendant's Motion for Summary Judgment is GRANTED on Plaintiff's malicious prosecution claim, and that claim is DISMISSED.

## ABUSE OF PROCESS

Abuse of process differs from malicious prosecution in that abuse of process lies for the improper use of process *after* it has been issued, not for maliciously causing process to issue. Bell v. Icard, Merrill, Cullis, Timm, Furen and Ginsburg, P.A., 986 S.W.2d 550, 555 (Tenn. 1999). Mere initiation of a law suit, though accompanied by a malicious ulterior motive, is not abuse of process. Id.

A plaintiff must establish two elements to recover for abuse of process: (1) the existence of an ulterior motive, and (2) an act in the use of process other than such as would be proper in the regular prosecution of the charge. Givens v.Mullikin, 75 S.W.3d 383, 400 (Tenn. 2002). Tennessee courts have defined "process" as that which emanates from or rests upon court authority and which constitutes a direction or demand that the person to whom it is addressed perform or refrain from doing some prescribed act. Matthews v. Storigion, 2006 WL 988792 at ** 4 (6th Cir. April 17, 2006). Abuse of process refers to the use of a writ, order, or command of the court in the course of a judicial proceeding. Id.; Merritt-Chapman & Scott Corp. v. Elgin Coal, Inc., 358 F.Supp. 17, 21 (E.D. Tenn. 1972).

Plaintiff asserts that the "process" upon which he bases his claim for abuse of process is not merely the original petition for contempt, but rather, it is also three motions filed by Ms. Law in the contempt action, two Motions for Accounting and one Motion for Access. Docket No. 44, p. 16. A motion is not a writ, order or command of the court. Motions do not emanate from the court or constitute a direction or demand of the Court.

5

Accordingly, Plaintiff has failed to establish an essential element of his abuse of process claim. Defendant's Motion for Summary Judgment on this claim is GRANTED, and the abuse of process claim is DISMISSED.

## CONCLUSION

For these reasons, Defendant's Motion for Summary Judgment (Docket No. 32) is GRANTED. Plaintiff's action against Defendant is DISMISSED.

IT IS SO ORDERED.

TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE